UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BARBRA JEAN NAGY,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 2:18-cv-00026-JVB-JEM

**OPINION AND ORDER**

Plaintiff Barbra Jean Nagy seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

In her application, Plaintiff alleged that she became disabled on October 1, 2008. (R. at 23.) At a hearing before an Administrative Law Judge ("ALJ") in 2017, Plaintiff amended her alleged onset date of disability to August 1, 2013. After the hearing, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease throughout the spine; L3 vertebroplasty and lumbar fusion surgeries; status post spinal cord stimulator implantation tension headaches/migraines; stress induced seizures; affective disorder; anxiety disorder and borderline personality disorder. (R. at 25.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 33.) Therefore, the ALJ found her to be not disabled since June 13, 2014, the date the application was filed. (R. at 34.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

## B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

## C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed three reversible errors: the ALJ erred in failing to consider the combined impact of all Plaintiff's impairments in the RFC; the ALJ improperly evaluated Plaintiff's subjective symptoms; and the ALJ cherry picked evidence that supported his conclusion while ignoring other relevant evidence.

**(1) Subjective Symptoms**

Plaintiff asserts that the ALJ erred in the subjective symptom analysis. An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

(i) daily activities;

(ii) the location, duration, frequency, and intensity of the symptoms;

(iii) precipitating and aggravating factors;

(iv) the type, dosage, effectiveness, and side effects of any medication taken;

(v) other treatment received for relief of symptoms;

(vi) any measures used to alleviate symptoms; and

(vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)–(vii). As long as the ALJ's subjective symptom determinations have some support in the record and are not patently wrong, they are upheld. *See Diaz v. Chater,* 55 F.3d 300, 308 (7th Cir. 1995).

Plaintiff contends that the ALJ does not discuss any limitations alleged by Plaintiff nor what medical evidence disputed those limitations. In fact, the ALJ does not have any real subjective symptom analysis or discussion.

The ALJ lists Plaintiff's reported daily activities and concludes that activities of daily living "are one factor that is considered when assessing the claimant's functioning." However, the ALJ fails to discuss how Plaintiff's daily activities contradict her alleged symptoms. The ALJ provides no analysis, and therefore fails to build a logical bridge from the evidence to the ALJ's ultimate conclusion. The ALJ merely lists Plaintiff's symptoms and evidence in the record. The ALJ fails to cite to any specific medical evidence that contradicts Plaintiff's subjective symptoms. Without specific reasons, the Court is unable to assess how the ALJ evaluated Plaintiff's subjective symptoms. Because the ALJ did not substantiate his subjective symptom analysis with references to specific record evidence, this court cannot assess whether his subjective symptom analysis was "patently wrong." *Mueller v. Asrue,* 493 Fed. Appx. 772, 777 (7th Cir. 2012); *see also Schaaf v. Astrue,* 602 F.3d 869, 875 (7th Cir. 2010). This lack of analysis requires remand.

**(2) RFC**

Plaintiff asserts that the ALJ erred by failing to account for Plaintiff's limitations in concentration, persistence, and pace in the RFC. The ALJ found that Plaintiff had moderate limitations with regard to concentration, persisting, and maintaining pace. (R. at 27.) The ALJ determined that Plaintiff had the capacity to remember and follow simple but not detailed instructions and could perform the tasks assigned but not always at a production rate pace; however, she could meet the end of day work goals. Plaintiff could also have occasional contact

with co-workers, supervisors, and the general public, and she could occasionally adapt to rapid changes in the workplace. (R. at 28.) Plaintiff argues that this does not adequately account for her moderate limitations in concentration, persisting, or maintaining pace.

Where an ALJ does not adequately capture the Plaintiff's restrictions on concentration, persistence, and pace, the ALJ's decision will be subject to remand. *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2011) (emphasizing that all of Plaintiff's restrictions must be present in the hypothetical to the vocational expert). Plaintiff cites to *Yurt v. Colvin,* 758 F.3d 850 (7th Cir. 2014), which held that a limitation to "simple, routine tasks and limited interactions with others" did not adequately capture limitations in concentration, persistence, and pace. 758 F.3d at 859.

The Commissioner does not adequately respond to this argument. Instead, the Commissioner spends one paragraph discussing other issues related to Plaintiff's mental limitations. This response does not directly address Plaintiff's argument that the RFC does not account for her moderate limitations in concentration, persistence, and pace. The Commissioner's silence suggests that she has no appropriate response to Plaintiff's concentration, persistence, and pace argument. The Commissioner has conceded this error. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver.") (citations omitted); *Pino v. Berryhill*, 2017 U.S. Dist. LEXIS 149677, at *11–12, (N.D. In. September 6, 2017).

### (3) Other Issues

Plaintiff also raises issues regarding cherry picking evidence. The Court remands this case due to a failure to analyze Plaintiff's subjective symptoms and an error in the RFC

determination. On remand, the ALJ will have the opportunity to reexamine the RFC and all of the relevant medical evidence.

**(E) Conclusion**

The ALJ erred in analyzing Plaintiff's subjective symptoms and determining Plaintiff's RFC, particularly with regards to Plaintiff's moderate limitations in concentration, persistence, and pace. For these reasons, the court remands the case for further consideration.

SO ORDERED on May 28, 2019.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE